## THE ARKANSAS.

### CROCKER et al. v. THE ARKANSAS.

#### (District Court, D. New Jersey. November 30, 1897.)

SALVAGE COMPENSATION—EXTINGUISHING FIRE.

$200 awarded to each of three tugs which went to the assistance of a burning barge laden with cotton, drew her into the stream, and got the fire under control; and $100 to each of four tugs which then rendered further assistance in extinguishing the fire; the value of the barge and cargo being about $7,400, and the risk to the first-named tugs being considerable.

This was a libel in rem by Frank W. Crocker and others against the barge Arkansas and her cargo of cotton, to recover compensation for salvage services.

Alexander & Ash, for the Frankie.

Wilcox, Adams & Green, for the E. M. Millard, the Nettie L. Tice, and the Col. E. A. Stevens.

Ernest Luce, for the Daylight.

Foley & Wray, for the Margaret A. Lenox.

Robinson, Biddle & Ward, for the John Fuller.

Cowen, Wing, Putnam & Burlingham, for claimants.

KIRKPATRICK, District Judge. On the 11th day of February, 1897, the barge Arkansas, loaded with a cargo of 140 bales of cotton, was moored at the dock in the city of Hoboken. By some means, a fire was communicated to the cargo; and, no water facilities from the city being at hand, assistance was called for, and almost immediately the tugs Daylight, Millard, and Frankie came to her assistance. Within a few minutes all these tugs had made fast to the barge, and had a stream of water upon the cargo. The barge was towed out into the stream, when other tugs, noticing her dangerous condition, also came to her assistance, and helped extinguish the flames. It does not appear but that the tugs Daylight, Millard, and Frankie would have been able of their own efforts, unassisted, to ex-

tinguish the fire; but the services of the Lenox, Fuller, Stevens, and the Tice were rendered in good faith, and they should receive compensation. The value of the boat and cargo saved is about $7,400. The risk of damage from fire to the tugs which first went to the assistance of the barge was considerable, and much less to those which afterwards came, when the fire was more or less under control.

I think a fair award for salvage would be $1,000, to be divided between the tugs as follows: Daylight, $200; Millard, $200; Frankie, $200; Lenox, $100; Fuller, $100; Stevens, $100; Tice, $100. In making the award to the Fuller, I make no award for the services rendered after the fire was extinguished. They seem to have been rendered at the request of the owners, and should be borne by them independent of this award for salvage from fire. Let a decree be drawn accordingly.